UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

PEDRO LOPEZ
   a/k/a "Popeye,"
   a/k/a "Leche,"
GIOVANNI MARTINEZ, and
VERONICA NIEVES,

                *Defendants.*

[~~Proposed~~] Protective Order

21 Cr. 234 (PKC)

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would prejudice, if prematurely disclosed, ongoing law enforcement investigations; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or defense counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could

lead to the identification of, witnesses or law enforcement agents acting in an undercover capacity who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. In the event of any dispute as to the Government's designation of particular Disclosure Material as Confidential Material or Sensitive Disclosure Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Material or Sensitive Disclosure Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Confidential Material or Sensitive Disclosure Material shall be controlling.

4. Confidential Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

5. Without further order of the Court, Confidential Material may be disclosed by counsel to:

   a. Personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

   b. Prospective witnesses for purposes of defending this action.

6. Sensitive Disclosure Material so designated by the Government, including any copies thereof or excerpts therefrom, may be disclosed by defense counsel to the defendants for review only in the presence of defense counsel (or paralegals or staff working at the direction of defense counsel), for purposes related to this case. Notwithstanding the foregoing, the defendants shall not maintain, retain, or keep copies or notes of Sensitive Disclosure Material outside of the presence of defense counsel. All Sensitive Disclosure Material possessed by defense counsel shall be maintained in a safe and secure manner.

7. The Court may order disclosure of Confidential Material or Sensitive Disclosure Material beyond that otherwise permitted by this Order.

8. The Government may authorize, in writing, disclosure of Confidential Material or Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Confidential Material or Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. Except for Confidential Material or Sensitive Disclosure Material that has been made part of the record of this case, and subject to the rules of professional responsibility, the defense shall return to the Government or securely destroy or delete all Confidential Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER INTENTIONALLY LEFT BLANK]

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *(signed)* Micah Fergenson                          Date:   September 7, 2021
Micah F. Fergenson
Assistant United States Attorney


_____                         Date:   _____
Dawn M. Florio
Defense Counsel for Pedro Lopez

*(signed)* Jeff Chabrowe                                Date:   September 8, 2021
Jeffrey Chabrowe
Defense Counsel for Giovanni Martinez


_____                         Date:   _____
Peter Kolp
Defense Counsel for Veronica Nieves


SO ORDERED:

Dated: New York, New York
       September ___, 2021

                                                _____
                                                HON. P. KEVIN CASTEL
                                                UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date:   September 7, 2021
Micah F. Fergenson
Assistant United States Attorney

_____          Date:   September 9, 2021
Dawn M. Florio
Defense Counsel for Pedro Lopez

_____          Date: _____
Jeffrey Chabrowe
Defense Counsel for Giovanni Martinez

_____          Date: _____
Peter Kolp
Defense Counsel for Veronica Nieves

SO ORDERED:

Dated: New York, New York
       September ___, 2021

                                    _____
                                    HON. P. KEVIN CASTEL
                                    UNITED STATES DISTRICT JUDGE

5

### Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *Micah Fergenson*  Date: September 7, 2021
Micah F. Fergenson
Assistant United States Attorney


_____  Date: _____
Dawn M. Florio
Defense Counsel for Pedro Lopez


_____  Date: _____
Jeffrey Chabrowe
Defense Counsel for Giovanni Martinez

*Peter Kolp signature*  Date: 9/8/21
Peter Kolp
Defense Counsel for Veronica Nieves

SO ORDERED:

Dated: New York, New York
September 10, 2021

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

5